Dermot J. Doyle, Esq. (DJD8485)
**HUNTINGTON BAILEY, L.L.P.**
373 Kinderkamack Road
Westwood, New Jersey 07675
(201) 666-8282 Fax: (201) 666-9625
Attorneys for Plaintiff,
Mebrat Tebkachew, General Administrator and
Administrator *Ad Prosequendum*, of the Estate of
Dawud Bahr, Deceased

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Mebrat Tebkachew, General Administrator and Administrator *Ad Prosequendum* of the Estate of Dawud Bahr, Deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>AMTRAK, a/k/a National Railroad Passenger Corporation,<br><br>    Defendant. | Civil Action No.:<br><br>Hon.<br><br><br>**COMPLAINT FOR**<br>**WRONGFUL DEATH (FELA)** |

Plaintiff, MEBRAT TEBKACHEW (hereinafter "TEBKACHEW") as General Administrator and Administrator *Ad Prosequendum* of the Estate of Dawud Bahr, Deceased, by and through her attorneys, Huntington Bailey, L.L.P. and Frederic A. Bremseth, Esq., by way of Complaint against Defendant, says:

## I. JURISDICTION AND VENUE

1.1     The jurisdiction of this Court is founded upon Title 45, Sections 1-60 of the United States Code, commonly referred to and known as the Federal Employers' Liability Act of the United States.  Venue lies in the District of New Jersey as Plaintiff's Decedent worked for Defendant within Middlesex County, New Jersey, and most if not all of the events out of which this action arose took place in Middlesex County, New Jersey.  Plaintiff's Decedent was a resident of the City of Newark, County of Essex and State of New Jersey at the time of his death, so that Newark is the appropriate vicinage for filing this action.

## II. PARTIES

2.1     <u>Plaintiff</u>.  By Order of the Superior Court of New Jersey, Essex County, Chancery Division, Probate Part, entered on June 17, 2016, Mebrat Tebkachew was appointed as General Administrator and Administrator *Ad Prosequendum* of the Estate of Dawud Bahr.  A copy of the Order appointing TEBKACHEW as General Administrator and Administrator *Ad Prosequendum* is attached hereto as **Exhibit A**.  Plaintiff brings this action on behalf of the Estate for the benefit of her minor daughter and heir-at-law of Decedent; the name of the minor daughter of Decedent has been redacted from the attached Order pursuant to the applicable Local Rules of the U.S. District Court for the District of New Jersey.

2.2     <u>Defendant</u>.  Defendant AMTRAK, a/k/a National Railroad Passenger Corporation (hereinafter "AMTRAK"), is a corporation duly organized, created and existing under and by virtue of the laws of the United States, and as such was engaged in the business of owning, maintaining and operating a line and system of railroad which extended in part through the State of New Jersey.

### III. FACTS

3.1   At all times herein relevant, AMTRAK was a common carrier engaged in interstate transportation and commerce, and Decedent Dawud Bahr, at the time of his death, was employed by AMTRAK as a trackman working in interstate transportation and commerce which closely, substantially and directly affected the interstate commerce carried on by AMTRAK. This is a FELA death case governed by federal law.

3.2   On March 1, 2016, Dawud Bahr was killed while working for Amtrak. Upon information and belief, he was struck by a train on or near Track #2 in the City of New Brunswick, County of Middlesex and State of New Jersey.

3.3   Decedent, Dawud Bahr, died intestate in Middlesex County, New Jersey, and at the time of his death was a resident of Essex County, New Jersey.

### IV.  CLAIM FOR DAMAGES (FELA)

4.1   Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1.1 through 3.3 as though set forth fully at length herein.

4.2   Plaintiff, TEBKACHEW, is the mother and Legal Guardian of Decedent's minor child. TEBKACHEW applied for appointment as General Administrator and Administrator *Ad Prosequendum* of the Estate of Dawud Bahr. By Order of the Essex County Superior Court, Chancery Division, Probate Part, entered on June 17, 2016, TEBKACHEW was appointed as General Administrator and Administrator *Ad Prosequendum* of the Estate of Dawud Bahr; a copy of said Order is attached as **Exhibit A**.

4.3     Pursuant to 45 U.S.C. §59, the minor child of the Decedent is entitled to recover damages, represented by the General Administrator and/or Administrator *Ad Prosequendum* of the Estate.

4.4     Defendant, AMTRAK, negligently failed to warn, properly train, or take measures to reduce the risk of death of Dawud Bahr, and violated Statutes, Rules, Regulations and other Safety Standards, which negligence proximately caused the death of Dawud Bahr.

4.5     Defendant, AMTRAK, was at all times herein relevant a common carrier doing business in New Jersey and engaged in interstate commerce, and as the employer of Plaintiff's Decedent owed him a duty under the Federal Employers' Liability Act and other applicable Statutes and Regulations to provide him with a reasonably safe place of employment.

4.6     Defendant, AMTRAK, together with its agents, officers and employees, was negligent and careless, and its actions violated the Federal Employers' Liability Act, and other Statutes and Regulations, thereby proximately causing the death of Dawud Bahr.

4.7     As a result of AMTRAK'S conduct, as aforesaid, the minor child of Decedent, as heir of Dawud Bahr, has suffered pecuniary loss, including but not limited to loss of support, counsel, guidance and aid that Decedent would have provided his minor daughter had he survived, and as such is entitled to recover damages for the conscious pain and suffering of the Decedent prior to his death, together with damages for the loss of support, counsel, guidance and aid, as aforesaid.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant:

5.1   For general damages in an amount to be proven at trial;

5.2   For special damages in an amount to be proven at trial;

5.3   For attorney's fees and costs as available pursuant to case law, statute, and/or equity; and;

5.4   For such other and further relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims set forth in the instant Complaint.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, counsel for Plaintiff hereby certifies that the matter in controversy as against Defendant, AMTRAK, a/k/a National Railroad Passenger Corporation, is not the subject of any other action pending in any other Court or a pending arbitration proceeding to the best of our knowledge and belief, beyond the Plaintiff's claims in the within matter.

Dated: 9/23/2016

Dermot J. Doyle, Esq. (DJD8485)
Huntington Bailey, L.L.P.
373 Kinderkamack Road
Westwood, New Jersey 07675
Phone: (201) 666-8282 Fax: (201) 666-9625
djd@huntingtonbailey.com

and

BREMSETH LAW FIRM

/s/Frederic A. Bremseth
Frederic A. Bremseth
Keith E. Ekstrom
601 Carlson Parkway, Suite 995
Minnetonka, MN 55305
(952) 475-2800
fbremseth@bremseth.com
kekstrom@bremseth.com

**ATTORNEYS FOR PLAINTIFF**

*G:\Client Files-Documents\BAHR DAWUD\PLEADINGS\Complaint for Wrongful Death.doc*

# EXHIBIT A

**DERMOT J. DOYLE, ESQ.**
Attorney ID: 047151984
**HUNTINGTON BAILEY, L.L.P.**
373 Kinderkamack Road
Westwood, New Jersey 07675
(201) 666-8282

Attorneys for Respondent/Counterclaimant/Crossclaimant, Mebrat Tebkachew

| | |
|---|---|
| In the Matter of<br><br>DAWUD FARD BAHR,<br><br>A deceased individual | SUPERIOR COURT OF NEW JERSEY<br>ESSEX COUNTY: CHANCERY DIVISION<br>PROBATE PART<br><br>DOCKET NO.: CP-0143-2016<br><br>**ORDER** |

**THIS MATTER** having been opened to the Court by Huntington Bailey, L.L.P., attorneys for Respondent, MEBRAT TEBKACHEW (hereinafter "TEBKACHEW") in her capacity as the Mother and Legal Guardian of Decedent's daughter, ███████████████ ███████████████, for an Order granting Letters of Administration *Ad Prosequendum* to TEBKACHEW, and the Court having considered the moving papers and any opposition which may have been filed, and for good cause shown:

IT IS on this  17ᵗʰ  day of  June , 2016;

**ORDERED** that:

1. Respondent's Motion for Leave to File Counterclaim and Crossclaim is granted;

2. ʌ [MEBRAT TEBKACHEW IS SUBSTITUTED AS ADMINISTRATOR] ~~Letters of Administration~~ *Ad Prosequendum*, [UNDER LETTERS] previously granted to Co-Respondent, YAHYA BAHR, by the Essex County Surrogate's Court ~~are hereby revoked~~;

3. The Verified Complaint filed by Petitioners, WALIYY ANDERSON and JEANNA KEITT is hereby dismissed, with prejudice; and,

4. ~~Letters of Administration *Ad Prosequendum* shall be granted and issued by the~~ Letters of General Administration and Substitute Essex County Surrogate's Court to MEBRAT TEBKACHEW, as Legal Guardian of her minor daughter and heir-at-law of Decedent, ████████████ upon duly qualifying with the Surrogate of Essex County

IT IS FURTHER ORDERED that a copy of this Order be served upon all parties within seven (7) days from the date hereof.

5. Any funds recovered for the benefit of the minor shall be deposited with the Surrogate of Passaic County Deposition

Reasons placed in the record

_____ J.S.C